**SUMMONS ISSUED**

# CV 12 6268

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MORDECHAI PALACE
on behalf of himself and
all other similarly situated consumers

                Plaintiff,

      -against-

NATIONWIDE CREDIT, INC.

            Defendant.

---

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    DEC 2 0 2012    ★

LONG ISLAND OFFICE



## CLASS ACTION COMPLAINT

### *Introduction*

1.   Plaintiff Mordechai Palace seeks redress for the illegal practices of Nationwide Credit, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"), and the Telephone Communications Privacy Act.

### *Parties*

2.   Plaintiff is a citizen of the State of New York who resides within this District.

3.   Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4.   The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5.   Upon information and belief, Defendant's principal place of business is located within Atlanta, Georgia.

6.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Mordechai Palace

10.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.  Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

12.  On fifty two occasions within the past year, Defendant made fifty two calls to a cell phone number belonging to Plaintiff.

13.  Upon information and belief Defendant used an auto dialer and or prerecorded messages when calling the Plaintiff.

14. During many of the said calls which the Plaintiff answered, the Plaintiff was forced to endure long periods of music being played on the line, which constitutes harassment under 15 U.S.C. § 1692d.

15. On many ocassions within the past year, representatives of Nationwide Credit, Inc. called and left messages with unauthorized third parties.

16. The representatives would ask the respective third parties to give the Plaintiff a message that he call back Nationwide Credit, Inc.

While a majority of the courts have ruled that under the FDCPA, a debt collector may not have a right to leave a message on a voicemail system and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.  See e.g. Carman v. CBE Group, Inc., (2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011).  (It is well settled that when a debt collector contacts or reaches a third party and chooses to leave **any** message at all to be conveyed to the debtor, such a communication being left with a third party will in fact violate 15 U.S.C. §§ 1692c(b),1692d(6), 1692e(11).), Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006). (The court followed Foti, 424 F. Supp. 2d at 655-56 and  West v. Nationwide Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message that "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" was a communication under the FDCPA

-3-

"given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call. The court noted "Were this Court to determine that [the debt collectors] Messages did not constitute communications "regarding [Plaintiff's] debt", the Court would be creating an exception to swallow the rule. Under such an exception, debt collectors would be able to abuse and harass consumers with phone calls and other forms of correspondence so long as there is no express mention of the consumers' debts. The court also found: **"A message left by a debt collector which does not state that it pertains to a financial matter could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by a consumer as much more pressing than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent."**) (emphasis added),  See Krapf v. Collectors Training Institute of Illinois, Inc, (Dist. Court, WD New York 2010.) (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of 15 U.S.C. § § 1692(b), 1692(c)(b), and 1692(d).), West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 15 U.S.C. § 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party.  The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and

-4-

asking the neighbor to have consumer return the call, stated a claim for violation of §

1692c(b).), Romano v. Williams & Fudge, Inc., (644 F. Supp. 2d 653 - Dist. Court, WD

Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist.

Court, WD North Carolina 1998.) (A complaint alleging that debt collector telephoned

Plaintiff's neighbor leaving collector's name and telephone number and asking the

neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b).),

Thomas v. Consumer Adjustment Co., Inc., (579 F. Supp. 2d 1290 - Dist. Court, ED

Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court,

WD North Carolina 1998.) (Holding that 15 U.S.C. § 1692(c)(b) does not prohibit only

those third-party communications in which some information about the debt is actually

disclosed because that reading would render § 1692(b) superfluous.), Blair v. Sherman

Acquisition, (Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998

F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (All provisions of the statute must

be considered and each term must be interpreted equally, so as not to deflect from the

meaning of the statute.  Specifically, as to 15 U.S.C. § 1692, every clause and word must

be given force, and § 1692(c)(b) should be broadly interpreted to prohibit a debt

collector from conveying any information to a third party that concerns a debt (except

for the purpose of obtaining location information as permitted under § 1692(b).), Mathis

v. Omnium Worldwide, (Dist. Court, D. Oregon 2006 quoting West v. Nationwide

Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) ("`Other than to

obtain location information, a debt collector may not contact third persons such as a

consumer's friends, neighbors, relatives, or employer.  Such contacts are not legitimate

collection practices and result in serious invasions of privacy, as well as the loss of

jobs.'".), West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998)

(quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699),

Krapf v. Collectors Training Institute of Illinois, Inc., (Dist. Court, WD New York 2010

quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998.)

(Contact with a third party that did not involve an inquiry into Plaintiff's location

information, but rather, revealed that Plaintiff had a "business matter." stated a claim

under 15 U.S.C. § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant

contacted a third party to relay about a "very important" matter regarding the Plaintiff.

Plaintiff sufficiently stated claims under 15 U.S.C. §§ 1692(b), 1692(c)(b), and

1692(d).)

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI

claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40

COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT

COMMUNICATION. Foti v. NCO Financial Systems, Inc., (424 F. Supp. 2d 643 - Dist.

Court, SD New York 2006.) - Judge Karas in *Foti* based their reasoning on West v.

Nationwide Credit.  In Judge Karas' own words in Foti ("In West v. Nationwide Credit,

998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the

word "communication," similar to that advanced by NCO in this case. The Plaintiff in

West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor.

Defendants argued that a debt collector's phone call informing a neighbor that he had a

"very important" matter to discuss did not violate 15 U.S.C. § 1692(c)(b) because no

information was actually conveyed about Plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995).) In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.* "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.* This conclusion has been embraced by other courts as well in the context of applying § 1692(c)(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate 15 U.S.C. § 1692(c)(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could

create a significant loophole in the FDCPA, allowing debtors to circumvent the 15

U.S.C. § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that

have a threshold "communication" requirement, merely by not conveying specific

information about the debt.  In fact, under Defendant's interpretation of

"communication," a debt collector could call regularly after the thirty-day validation

notice is sent, and not be subject to the 15 U.S.C. § 1692(e)(11) requirement so long as

the message did not convey specific information about the debt.  Such a reading is

inconsistent with 658*658 Congress's intent to protect consumers from "serious and

widespread" debt collection abuses.), Krug v. Focus Receivables Mgmt., LLC, (2010

U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010)) (same); Henderson v. Eaton, 2001 U.S.

Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting  West v.  Nationwide Credit, Inc.,

998 F.  Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), (A debt

collector may not  communicate with a third party "in connection with the collection of

any debt" except to obtain location information as provided in § 1692(b). To violate 15

U.S.C. § 1692(b), the third party communication need only be "in connection with the

collection of  a  debt;" it   need  not expressly  mention  the debt  or debt collection  as

"communication" includes conveying information about a debt "indirectly." 15 U.S.C. §

1692a(2).),  Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002).

(FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist.

LEXIS 67719 quoting West v.  Nationwide Credit, Inc., 998 F.  Supp. 642

(W.D.N.C.1998.) (Finding that a phone call to a debtor's neighbor that the Defendant

had a "very important" matter to address was "regarding a debt" because the content of

the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's

alleged arrearage.), Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824

(Finding that the messages left by the Defendant constituted "communications" even

though they did not technically mention any information about the debt and stated a

claim under 15 U.S.C. § 1692(c)(b) since it was not left for the purpose of obtaining

location information which is the only permissible communication with third parties

under the FDCPA, quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45

(W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist.

LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006). (Which found that

the message was a communication under the FDCPA even though it was not disclosed

that it came from a debt collector where the name of the company was referenced,

directions to return the call were given, and the purpose of the message was to induce

the debtor to return the call.), Shand-Pistilli v. Professional Account Servs., Inc., 2010

WL 2978029 (E.D. Pa. July 26, 2010.) (The consumer adequately alleged that

Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's

inquiry went beyond the boundaries of location information. A debt collector may not

seek additional information about a consumer because such information is beyond the

scope of location information.), Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th

Cir. 2010.) (A "communication" need not refer to the debt."), Edwards v. Niagra Credit

Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008.) (Finding that the

telephone message at issue, which referenced an "important" matter, contained

information regarding a file number and whom to contact, and was left for the purpose

of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"), Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008.) (Finding that the message was an indirect communication regarding the Plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so.), Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005.) (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention specific information about the debt.), Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006.) (Finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call.), Shaver v. Trauner, 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998.) (The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss.) 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss), Smith v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009.) (Holding that the FDCPA prohibits debt collectors from communicating

with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 15 U.S.C. §1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment". Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

17. Said messages were in violation of 15 U.S.C. §§ 1692c(b) and 1692d for leaving a messages with third parties.

18. Defendant caused Plaintiff to incur charges for Defendant's collection communications when Plaintiff had no reason to know the communication's purpose.

19. Defendant was prohibited from placing a call that will cause a charge to Plaintiff without having notified Plaintiff to expect it and without having announced its collection purpose.

20. Defendant called Plaintiff's wireless phone number and Plaintiff was charged a toll on all those incoming calls.

21. Plaintiff was not alerted to the calls beforehand.

22. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

23.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty two (22) as if set forth fully in this cause of action.

24.     This cause of action is brought on behalf of Plaintiff and the members of two classes.

25.     Class A consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone calls were placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving messages with a third parties directing the consumer to call the Defendant; and (b) the Plaintiff asserts that the telephone messages were in violation 15 U.S.C. §§ 1692c(b) and 1692d.

26.     Class B consists of all persons whom Defendant's records reflect resided in New York and were left telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a service where the consumer was charged for the calls, and (b) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

27.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

        (a)     Based on the fact that form telephonic messages are at the heart of this litigation,

the class is so numerous that joinder of all members is impracticable.

(b)     There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

28.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

31.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

32.    Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

### AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by Plaintiff*

33.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

34.   The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating fifty two telephone calls to the Plaintiff's cellphone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the Plaintiff to leave such messages.

35.   Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against Plaintiff by Defendant, also without having included the proper name of the Defendant or any name for that matter.

36.   There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the use of the cellphone number at issue where the Plaintiff was charged for each call.

37.   Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of $500.00 per call.

38.   Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

39.   All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any Plaintiff on his/her cell phone using

a pre-recorded voice, regardless of whether it knew it was violating the law.

(*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

40.     This action is brought on behalf of Plaintiff and the members of two classes.

41.     Class A consists of consumers who were left a telephone message concerning a

consumer debt without having been informed of the Defendant's true name.

42.     Class A consists of all persons whom Defendant's records reflect resided in the United

States and who received telephonic messages from Defendant's representatives within

one year prior to the date of the within complaint up to the date of the filing of the

complaint without the Defendant disclosing its true name; (a) the telephone messages

were placed to a consumer seeking payment of a consumer debt; and (c) that the

telephone messages were in violation 47 U.S.C. § 227.

43.     Class B consists of consumers who were left a telephone message concerning a

consumer debt on a cell phone or other method whereby the class member incurred a

cost for the receipt of the message.

44.     Class B consists of all persons whom Defendant's records reflect resided in the United

States and who received telephonic messages from Defendant's representatives within

one year prior to the date of the within complaint up to the date of the filing of the

complaint where the consumer incurred a charge for the messages; (a) the telephone

messages were placed to a consumer seeking payment of a consumer debt; and (c) that

the telephone messages were in violation 47 U.S.C. § 227.

45.     Pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), a class action is

appropriate and preferable in this case because:

-16-

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the TCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

46.     A class action is superior for the fair and efficient adjudication of the class members' claims.  The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

47.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure.

48.     Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49.     The Defendant has repeatedly violated the TCPA by failing to leave the legal name of the Defendant in the messages left for the Plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

50.     With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

51.     The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

52.   Defendant has repeatedly violated the TCPA by the calls made to Plaintiff specifically

the numerous calls by illegally by not stating its legal name in its prerecorded messages

in violation of the Telephone Consumer Protection Act.

### Violations of the Telephone Communications Privacy Act

53.   The Defendant has repeatedly violated the TCPA by failing to leave the legal name of

the Defendant in the messages left for the Plaintiff as states as follows in 47 C.F.R.

64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or

other entity that is responsible for initiating the call. If a business is responsible for

initiating the call, the name under which the entity is registered to conduct business with

State Corporation Commission (or comparable regulatory authority) must be stated. The

FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum,

the legal name under which the business, individual or entity calling is registered to

operate. The Commission recognizes that some businesses use "d/b/as" or aliases for

marketing purposes. The rule does not prohibit the use of such additional information,

provided the legal name of the business is also stated."

54.   The FCC did not intend to exempt automated collection calls from the requirements of

47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector

failed to leave the legal name of the company. (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

55. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act.

56. The actions of the Defendant violate the TCPA.

57. Because the Defendant intentionally violated the TCPA, the Plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the Defendant failed to obtain prior consent from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
December 17, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

-20-

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)